UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA ESCALANTE,<br><br>    Plaintiff,<br><br>v.<br><br>MINNESOTA LIFE INSURANCE COMPANY, *et al.*,<br><br>    Defendants. | Civil No. 09cv1843-L(BLM)<br><br>**ORDER**<br>**(1) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FILED BY DEFENDANT MINNESOTA LIFE INSURANCE COMPANY; AND**<br>**(2) GRANTING WITH LEAVE TO AMEND MOTION TO DISMISS FILED BY DEFENDANTS IRWIN MORTGAGE CORPORATION AND IRWIN FINANCIAL CORPORATION** |

  In this insurance breach of contract and bad faith action Defendants each filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed the motions and Defendants replied. For the reasons which follow, the motion field by Defendant Minnesota Life Insurance Company ("Minnesota") is **GRANTED IN PART AND DENIED IN PART**. The motion filed by Defendants Irwin Mortgage Corporation and Irwin Financial Corporation (collectively "Irwin")[1] is **GRANTED**. Plaintiff is granted **LEAVE TO AMEND**.

/ / / / /

---

[1] The motions filed by Minnesota and Irwin are largely duplicative. This is contrary to the Court's Standing Order for Civil Cases ("Standing Order"). The parties are admonished to minimize duplication in any future briefing in compliance with the Standing Order. Failure to comply with the Standing Order may result in sanctions. *See* Civil Loc. Rule 83.1.

1    Plaintiff alleges she is a beneficiary under a mortgage accidental death insurance policy
2 issued by Minnesota, which insured the lives of Plaintiff and her husband Kenneth Escalante.
3 Mr. Escalante agreed to purchase the policy upon Minnesota's telephone solicitation on June 14,
4 2004. Premiums for the policy were added to the Escalantes' mortgage payment with their
5 lender Irwin, which was authorized by Minnesota to bill and collect them. The Escalantes paid
6 the premiums until the spring of 2006, when they refinanced their mortgage. The refinance
7 transaction closed on or about March 31, 2006. As a part of the mortgage payoff amount, Irwin
8 billed them and collected two premium payments for April and May. On April 30, 2006 the
9 Escalates were involved in an automobile accident. Mr. Escalante died the same day and
10 Plaintiff was hospitalized for her injuries.

11    On or about May 8, 2006, Irwin notified Minnesota that the Escalantes' loan had been
12 paid. The next day, Minnesota sent to the Escalantes a letter stating, among other things, that
13 they could continue the coverage by making premium payments directly to Minnesota. On June
14 28, 2006, after it had received no response, Minnesota sent a Premium Reminder Notice, stating
15 that the policy would terminate unless payment due was received by July 2, 2006. On or about
16 August 7, 2006, Minnesota was notified of Mr. Escalante's death. On August 9, 2006 it sent the
17 Escalantes another Reminder Premium Notice which was essentially the same as the June 28
18 reminder. On August 10, 2006 Minnesota sent a Termination Insurance Notice, stating that
19 coverage was cancelled effective May 31, 2010 due to non-payment of premium. On or about
20 August 23, 2006, Minnesota denied Plaintiff's claim on the grounds that the policy terminated
21 on March 31, 2006 when the loan with Irwin was refinanced.

22    Plaintiff filed a complaint in state court against Minnesota and Irwin for breach of
23 contract, breach of the implied covenant of good faith and fair dealing, negligence and
24 declaratory relief. Defendants removed the action to this court based on diversity jurisdiction
25 and moved to dismiss pursuant to Rule 12(b)(6).

26    A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250
27 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to
28 dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds

of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted).  In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Minnesota argues that the first cause of action for breach of contract should be dismissed because coverage terminated on March 31, 2006 under the terms of the insurance policy.  Plaintiff contends that the coverage was extended because premiums were paid and accepted through the end of May 2006.

Upon applying for insurance over the phone, Mr. Escalante received a Certificate of Insurance which summarized the principal terms of the underlying Group Insurance Policy.  (*See* Compl. Ex. A ("Certificate of Insurance") at 2.  According to the Certificate of Insurance, in exchange for monthly premium payments, Minnesota promised to pay the accidental death benefit upon receipt of written proof that the insured died as a result of accidental death.  (*Id*. at 2, 3.)  Plaintiff alleges that Mr. Escalante's death was accidental and that she was the beneficiary under the policy.  The mortgage loan eligible for insurance is defined as "A secured or unsecured loan on a dwelling or mobile home which is owed to or serviced by a lender and which is repayable over a period of at least five years but not more than forty years."  (*Id*. at 2.)  Based on the allegations in the complaint, the loan taken out by the Escalantes meets these criteria, whether before or after the refinance.  The Certificate of Insurance provides that the amount of the death benefit "will be equal to the of the unpaid balance of the eligible loan on the date of your death," which in turn is determined "according to the amortization schedule for your

eligible loan in effect on the effective date of your coverage under this certificate." (*Id.* at 3.) The termination provision of the certificate provides in pertinent part that "The insurance on your life will terminate on the earliest of: [¶] (1) the date your eligible loan is paid in full; . . .." (*Id.*)

Minnesota argues that the refinance caused the loan to be paid in full and terminated coverage on March 31, 2006. It maintains that coverage could not be extended pursuant to California Insurance Code Section 10383. Plaintiff argues that section 10383 extends coverage beyond the refinance.

Section 10383 applies to disability policies. According to Plaintiff, the policy at issue is a disability policy. *See* Cal. Ins. Code § 106(a); *Merlo v. Standard Life and Accident Ins. Co. of Cal.*, 59 Cal. App. 3d 5 (1976) (insurance policy to secure mortgage payments in the event of disability). Minnesota does not dispute this. Accordingly, without deciding, the court proceeds on the assumption that the policy at issue is a disability policy. Section 10383, located in the article addressing policy interpretation, provides as follows:

> If any disability policy contains a provision establishing, as an age limit or otherwise, a date after which the coverage provided by the policy will not be effective, and if such date falls within a period for which premium is accepted by the insurer or if the insurer accepts a premium after such date, the coverage provided by the policy will continue in force subject to any right of cancellation until the end of the period for which premium has been accepted. In the event the age of the insured has been misstated and if, according to the correct age of the insured, the coverage provided by the policy would not have become effective, or would have ceased prior to the acceptance of such premium or premiums, then the liability of the insurer shall be limited to the refund, upon request, of all premiums paid for the period not covered by the policy.

As Plaintiff points out, the provision does not apply only to policies where an age limit establishes a date after which coverage is no longer effective, but also where such date is established otherwise. In this case, the date is set by the policy when, among other things, the loan is paid in full. The statute provides for coverage to continue when the insurer has accepted payment of premium for a period after coverage is no longer effective. Under these circumstances, coverage is extended until the end of the period for which premium was accepted. Plaintiff alleges that during the refinance, Irwin charged her and she paid premiums for two extra months after March 2006. (Compl. at 3 & Ex. C, D.) It can reasonably be inferred

from the allegations that the two extra months ended at the end of May 2006 and after the date of Mr. Escalante's death. Minnesota argues that this fact is disputed.[2] However, this argument is irrelevant on a motion to dismiss under Rule 12(b)(6), which merely tests the sufficiency of the allegations in the complaint. *See Navarro*, 250 F.3d at 732.

Minnesota also argues that under the second sentence of the statute, consistent with the policy, the remedy is a refund of premiums, not an extension of coverage. The court disagrees. Unlike the first sentence, which refers to the time when the coverage is not effective based on an age limit or *otherwise*, the second sentence refers to the circumstance when the insured's age is misstated and the coverage would not have commenced had the age been stated accurately. *See* Cal. Ins. Code § 10383. The second sentence therefore does not apply to the facts of this case.

Minnesota next argues that it does not make sense for section 10383 to apply to the policy at issue in this case. It argues that in policies such as this, which are intended to insure ability to pay a particular debt, there is no longer a benefit to be paid in the case of an insured's death after the loan is paid off. However, this is the case only if the termination provision of the policy is interpreted in the refinance context the same as when a loan is simply paid off rather than refinanced. Minnesota urges the policy does not work if the provision is not interpreted in its favor. The court disagrees. Contrary to Minnesota's argument, if the loan is refinanced and the amount of the loan changes, this does not change the death benefit under the policy, because its amount is determined "according to the amortization schedule for your eligible loan in effect on the effective date of your coverage under this certificate." (Compl. Ex. A at 3.) The fact that the balance due under the loan changes has no effect on the amount of Minnesota's obligation under the policy.

Minnesota also contends that the refinance was contemplated by the policy because after notice of the refinance, it sent the Escalantes an offer of continuation of coverage under a new certificate and under new terms. This argument is not supported by Minnesota's insurance

---

[2] Consistent with Plaintiff's allegations, in its May 9, 2006 notice to the Escalantes Minnesota indicated that premium payments after refinance would resume with the June payment. (Compl. Ex. 3 (payment slip for quarterly premiums).)

documents. First, neither the Certificate of Insurance nor the underlying Group Insurance Policy (Compl. Ex. A & B) indicate that a new certificate with new terms is necessary to continue coverage upon refinancing. Instead, both documents are silent on the subject of refinance. Second, the notice and enclosures sent to the Escalantes on May 9, 2006, which is the first instance where Minnesota's documents address the issue of refinance, give the insureds the option of continuing the same coverage for the same premium by paying Minnesota directly. (*See* Compl. Ex. E (Important Notice, Frequently Asked Questions & Certificate Amendment).) Based on the foregoing, Minnesota's arguments that section 10383 is incompatible with Plaintiff's policy are rejected.

To the extent Minnesota argues Plaintiff cannot state a claim for breach of contract, its motion is **DENIED**. If the parties again raise the issue of coverage, however, they must address the issue whether the policy at issue is a disability policy under California Insurance Code Sections 10270 *et seq.*, a credit life and disability policy under sections 779.1 *et seq.* or a policy governed by some other statutory scheme. If necessary, the parties must also address the issue whether the policy's termination provision is ambiguous in the refinance context. *See, e.g., Delgado v. Heritage Life Ins. Co.*, 157 Cal. App. 3d 262 (1984).

Minnesota also seeks dismissal of the second cause of action for breach of the implied covenant of good faith and fair dealing. To the extent the motion is based on the argument that no cause of action can be stated because coverage had terminated prior to Mr. Escalante's death or that the complaint does not adequately allege that insurance benefits were unreasonably denied, the arguments are rejected.

Minnesota's motion, however, is also based on the statute of limitations. "A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995), quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). The untimeliness must appear beyond doubt on the face of the complaint before a claim will be dismissed as time-barred. *See Supermail Cargo*, 68 F.3d at 1206-07.

Minnesota argues that the claim is barred by a two-year statute of limitations because insurance benefits were denied in August 2006 (*see* Compl. Ex. H)[3] and the complaint was filed in 2009. The parties agree that to the extent the claim is asserted in tort, it is subject to a two-year statute of limitations pursuant to California Code of Civil Procedure Section 339(1). However, an insurance bad faith claim sounds in tort as well as in contract. *Crisci v. Security Ins. Co. of New Heaven, Conn.*, 66 Cal.2d 425, 432 (1967). Plaintiff contends that she asserted the bad faith claim as a tort and as a contract claim.

Plaintiff argues that the claim, even if alleged in tort, should not be dismissed because all of the alleged acts of bad faith are not alleged to have taken place more than two years before the complaint was filed. Plaintiff does not identify any alleged acts of bad faith which occurred less than two years before the complaint was filed and no such acts or any facts justifying tolling the statute can reasonably be inferred from the allegations. Because the untimeliness of the tort claim clearly appears on the face of the complaint, Minnesota's motion to dismiss the bad faith claim, to the extent it is alleged in tort, is **GRANTED**.

Plaintiff has not requested leave to amend this claim if the motion to dismiss is granted. Nevertheless, the court must consider whether a motion to dismiss should be granted with leave to amend. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 2004). Rule 15 advises the court that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment. *Id*. at 1052. To the extent Plaintiff believes that she can allege acts within the two-year statute of limitations or facts supporting tolling of the statute, she is granted **LEAVE TO AMEND** this claim.

To the extent the bad faith claim is also alleged as a contract claim, Plaintiff argues it is subject to a four-year statute of limitations pursuant to California Code of Civil Procedure

---

[3] The 2005 date on the letter appears to be an error, as the enclosure is dated in 2006. (*See* Compl. Ex. H.)

Section 337. Minnesota does not dispute this, but argues that to the extent Plaintiff asserted the bad faith claim in contract, it should be dismissed because it is superfluous of the breach of contract claim. Federal Rule of Civil Procedure 8(d) permits a plaintiff to allege claims alternatively. Accordingly, the court declines to dismiss the bad faith claim, even if asserted as a contract rather than tort claim. To the extent the claim is asserted as a contract claim, it is not barred by the statute of limitations and Minnesota's motion to dismiss is **DENIED** in this regard.

Irwin filed a separate motion to dismiss. It argues that the third cause of action for negligence should be dismissed as time-barred. It bases this argument on the two-year statute of limitations pursuant to California Code of Civil Procedure Section 339(1). *See Hydro-Mill Co., Inc. v. Hayward, Tilton and Rolapp Ins. Assoc., Inc.*, 115 Cal. App. 4th 1145, 1154 (2004). Plaintiff argues, however, that her negligence claim arises from Irwin's failure to perform its obligations pertaining to the billing and collection of insurance premiums which are based on a written agreement. She therefore argues that the applicable statute is for actions "upon any contract, obligation or liability founded upon an instrument in writing" pursuant to California Code of Civil Procedure Section 337(1), which provides for four years. However, Plaintiff has not alleged the existence of any such agreement. On the face of the complaint, the negligence claim is barred by the two-year statute of limitations. Accordingly, Irwin's motion to dismiss the negligence claim is **GRANTED**. Plaintiff is granted **LEAVE TO AMEND** the complaint to allege an agreement to give rise to Irwin's duty of care relative to the billing and collection of premiums.

Last, Irwin also moved to dismiss the fourth cause of action for declaratory relief. Plaintiff alleges there is a controversy "concerning, among other things, whether benefits are due and payable under the policy and defendants' liability." (Compl. at 8.) Neither in the complaint nor in the opposition does Plaintiff contend that any insurance benefits are due from Irwin; accordingly, to the extent Plaintiff seeks declaratory judgment regarding her right to receive benefits under the insurance policy, the claim is alleged only against Minnesota, which has not moved to dismiss it. To the extent Plaintiff seeks declaratory judgment regarding Defendants' liability, the claim appears to be entirely duplicative of the remaining claims in the complaint.

1 Plaintiff does not deny this, but merely argues that it would provide the court and the parties
2 with unspecified "flexibility." Under California law,

> Generally, an action in declaratory relief will not lie to determine an issue which can be determined in the underlying tort action. The declaratory relief statute should not be used for the purpose of anticipating and determining an issue which can be determined in the main action. The object of the statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues.

*Cal. Ins. Guarantee Assoc. v. Super. Ct. (Jakes at the Shore, Inc.)*, 231 Cal. App. 3d 1617, 1623-24 (1991). Because Plaintiff has not identified any new form of relief which she has not already requested under the remaining causes of action, Irwin's motion to dismiss the declaratory relief claim is **GRANTED**. Plaintiff is granted **LEAVE TO AMEND** to identify, if she chooses, any relief she is seeking under declaratory relief, which she is not requesting for any of her other claims.

Based in on the foregoing, it is hereby **ORDERED** as follows:

1. The motion to dismiss filed by Defendant Minnesota Life Insurance Company is **GRANTED IN PART AND DENIED IN PART**. The motion is **DENIED** with respect the first cause of action for breach of contract. It is **GRANTED** with respect to the second cause of action for breach of the implied covenant of good faith and fair dealing, but only to the extent Plaintiff is asserting it as a tort, as opposed to a contract, claim.

2. The motion to dismiss filed by Defendants Irwin Mortgage Corporation and Irwin Financial Corporation is **GRANTED**. The motion is granted with respect to the third cause of action for negligence and fourth cause of action for declaratory relief. As to the latter claim, the motion is granted only to the extent the claim is asserted against Defendants Irwin Mortgage Corporation and Irwin Financial Corporation. The claim remains in the complaint to the extent it is asserted against Defendant Minnesota Life Insurance Company.

3. If Plaintiff chooses to file an amended complaint, she must do so no later than **August 9, 2010**. Defendants shall respond to the amended complaint within the time set forth in Federal

/ / / / /

/ / / / /

Rule of Civil Procedure 15(a)(3). If Plaintiff chooses not to file an amended complaint, Defendants shall respond within the same period of time calculated from August 9, 2010.

**IT IS SO ORDERED**.

DATED: July 22, 2010

_____
M. James Lorenz
United States District Court Judge