UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA ESCALANTE, | Civil No. 09cv1843-L(BLM) |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS** |
| v. | |
| MINNESOTA LIFE INSURANCE COMPANY, *et al.*, | |
| Defendants. | |

In this insurance action Defendant Irwin Mortgage Corporation ("Irwin") filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed the motion and Irwin replied. For the reasons which follow, the motion is **DENIED.**

Plaintiff alleges she is a beneficiary under a mortgage accidental death insurance policy issued by Defendant Minnesota Life Insurance Company ("Minnesota"), which insured the lives of Plaintiff and her husband Kenneth Escalante. Mr. Escalante agreed to purchase the policy upon a telephone solicitation in 2004. The premiums for the policy were added to the Escalantes' mortgage payment with their lender Irwin, which was authorized by Minnesota to bill and collect them. The Escalantes paid the premiums until the spring of 2006, when they refinanced their mortgage. The refinance transaction closed on or about March 31, 2006. As a part of the mortgage payoff amount, Irwin billed them and collected two premium payments for

April and May. On April 30, 2006 the Escalates were involved in an automobile accident. Mr. Escalante died the same day and Plaintiff was hospitalized for her injuries. Subsequently, Plaintiff filed a claim with Minnesota under the policy. The claim was denied in August 2006 based on, among other things, non-payment of premiums.

In 2009 Plaintiff filed a complaint in state court against Minnesota and Irwin for breach of contract, breach of the implied covenant of good faith and fair dealing, negligence and declaratory relief. Defendants removed the action to this court based on diversity jurisdiction and moved to dismiss pursuant to Rule 12(b)(6). The motions were granted in part and Plaintiff was given leave to amend. She filed an amended complaint alleging breach of contract and breach of the covenant of good faith and fair dealing against Minnesota and breach of contract and negligence against Irwin. Irwin filed a motion to dismiss the amended complaint under Rule 12(b)(6).

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Irwin argues that Plaintiff failed to adequately allege breach of contract. Plaintiff's theory of breach of contract is that she was a third party beneficiary of the Administrative Services

Agreement between Irwin and Minnesota. Irwin complains that Plaintiff did not adequately allege the terms of the agreement and which of them Irwin allegedly breached. Plaintiff alleged that Irwin was authorized by Minnesota to bill and collect premiums and forward them to Minnesota. (First Am. Compl. at 3, 7.) This is also the duty Irwin allegedly breached. Although Irwin allegedly collected premiums through at least the end of April 2006 (*id*. at 3), all of the premiums paid were apparently not forwarded to Minnesota, because the benefits of the policy were denied on the ground that the policy was paid only through March 31, 2006 (*see id.* at 3-5). Breach of Irwin's duty to remit the premiums to Minnesota can reasonably be inferred from these allegations.

Next, Irwin argues that Plaintiff did not adequately allege she was a third party beneficiary of the Administrative Services Agreement. Under California Civil Code Section 1559, "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

> "Expressly" in this context is interpreted to mean merely the negative of "incidentally." The contract need not be exclusively for the benefit of the third party in order to permit enforcement, and the third party does not need to be the sole or the primary beneficiary. Further, the third party need not be identified as a beneficiary, or even named, in the contract. If the terms of the contract necessarily require the promisor to confer a benefit on a third person, then the contract, and hence the parties thereto, contemplate a benefit to the third person. The parties are presumed to intend the consequences of a performance of the contract. [¶] On the other hand, the fact that the contract, if carried out to its terms, would inure to the third party's benefit is insufficient to entitle him or her to demand enforcement. Rather, it must appear to have been the intention of the parties to secure to him personally the benefit of its provisions. Whether a third party is an intended beneficiary or merely an incidental beneficiary to the contract involves construction of the parties' intent, gleaned from reading the contract as a whole in light of the circumstances under which it was entered.

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Cambridge Integrated Serv. Group, Inc.*, 171 Cal. App. 4th 35, 51 (2009) (internal quotation marks, brackets, ellipsis and citations omitted). Irwin contends that Plaintiff did not adequately allege that the Administrative Services Agreement was made for the benefit of the insureds, including the Escalantes. Plaintiff alleged that the agreement enabled the insureds to pay the premiums for their mortgage accidental death insurance together with the mortgage payment and that the agreement was entered into for the

benefit of her husband and herself. (First Am. Compl. at 2-3 & 7.) Based on this arrangement, which made it much more convenient to make premium payments, the insureds, including the Escalantes, necessarily benefitted. Moreover, the benefit was not merely incidental because it is a necessary consequence of the terms of the agreement. Plaintiff has therefore adequately alleged her third party beneficiary theory for purposes of Rule 12(b)(6).

Irwin further argues that Plaintiff cannot as a matter of law state a claim for negligence based on Irwin's allegedly negligent performance of the Administrative Services Agreement. To the extent this argument is based on Irwin's claim that Plaintiff did not adequately allege her third party beneficiary status, the argument is rejected for the reasons stated above. To the extent it is based on the assertion that California does not recognize a negligence claim based on breach of contract, it is rejected because the assertion is erroneous. Plaintiff may pursue a negligence claim against Irwin if Irwin owed a duty of care to Plaintiff. *See Nat'l Union Fire*, 171 Cal. App. 4th at 45. "A duty may arise through statute, contract or the relationship of the parties." *Id*.

> "The determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm." . . . Nonetheless, "[r]ecognition of a duty to manage business affairs so as to prevent purely economic loss to third parties in their financial transactions is the exception, not the rule, in negligence law."

*Id*., quoting *Biakanja v. Irving*, 49 Cal.2d 647, 650 (1958) and *Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal.4th 26, 58 (1998).

At this stage of the proceedings, the balancing of the *Biakanja* factors is based on the allegations in the complaint. As alleged, the Administrative Services Agreement was intended to affect Plaintiff because premium payments were collected by Irwin rather than by Minnesota directly. If Irwin failed to remit the premiums to Minnesota, harm to Plaintiff was foreseeable because Plaintiff's coverage would be terminated. Whether Irwin failed to remit all of Plaintiff's premiums to Minnesota, and therefore whether Plaintiff suffered injury, can be determined with

certainty. *See Nat'l Union Fire*, 171 Cal. App. 4th at 46. The connection between Irwin's alleged misconduct and Plaintiff's injury is close and direct. Assuming Plaintiff proves that Irwin failed to remit all of the premium payments to Minnesota, Irwin's conduct can be found to be the cause of Plaintiff's injury, *i.e.*, the termination of coverage and denial of insurance benefit. Furthermore, "[n]egligence in the execution of contractual duties is generally held to be morally blameworthy conduct." *Id*. at 47. To the extent liability for breach of contract prevents future harm, imposing a duty on Irwin would further that purpose. *See id.* Imposing a duty of care toward Plaintiff would not result in a new or additional duty that did not already exist for Irwin, because Irwin already owes a duty to Minnesota not to act negligently in its execution of the Administrative Services Agreement. *See id.* Based on the foregoing, the *Biakanja* factors weigh in favor of imposing a duty on Irwin. Plaintiff has therefore sufficiently alleged a negligence claim.

Last, Irwin argues that Plaintiff's negligence claim is barred by the statute of limitations because Plaintiff failed to sufficiently allege that the claim was made "upon any contract, obligation or liability founded upon an instrument in writing," so as to bring it within the four-year statute pursuant to California Code of Civil Procedure Section 337(1). Because Plaintiff sufficiently alleged its contract claim against Irwin, this argument is rejected.

Based on the foregoing, Irwin's motion to dismiss is **DENIED**.

 **IT IS SO ORDERED**.

DATED: December 2, 2010

                                                M. James Lorenz
                                                United States District Court Judge